UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY SMITH,

        Petitioner,
v.

                                            9:13-CV-1453
FULTON COUNTY CORR. FAC.,          (GLS)

        Respondent.
_____

APPEARANCES:                            OF COUNSEL:

ANTHONY SMITH
09654020K
Fulton County Correctional Facility
2710 State Highway 29
Johnstown, NY 12095

GARY L. SHARPE
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Anthony Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). He is confined at the Fulton County Correctional Facility and has paid the required filing fee. For the reasons that follow, this petition is dismissed without prejudice.

**II.    THE PETITION**

      Petitioner appears to be challenging a warrant issued against him on November 7, 2013 by the New York State Department of Corrections and Community Supervision ("DOCCS"), Division of Parole. Pet. at 2; Dkt. No. 1-2, Notice of Violation. Petitioner argues that (1) the notice of violation was not timely served; and (2) he was given insufficient time to

prepare a defense. Pet. at 6, 8. Petitioner acknowledges that he has not sought review of his claims in any state court, and states that he is "filing [a] writ of habeas corpus now as [a] remedy." Pet. at 3-4, ¶¶8, 9(g), 10; Pet. at 6, 8. Petitioner asks that this Court vacate the parole warrant and release him "forthwith provided no other detainer is presently against him." *Id.* at 16.

### III.  DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1981)); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). Finally, the petitioner must have used the proper procedural vehicle so that the state court

2

may pass on the merits of petitioner's claims.  *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

Habeas petitions challenging the revocation of parole are subject to AEDPA's exhaustion requirement.  *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).  To exhaust a claim that parole was improperly revoked, a petitioner must file an administrative appeal with the Division of Parole's Appeals Unit and, if the appeal is denied, he or she must seek relief in state court pursuant to Article 78.  *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005).  If the Article 78 petition is denied, petitioner must appeal that denial to the "highest state court capable of reviewing it."  *Id.* (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In this case, a parole warrant has been issued against petitioner for violating the perms of his parole, but it is unclear whether petitioner's parole has actually been revoked.  Moreover, petitioner concedes that he has not presented his claims to any state court.  There is no basis to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (e.g. where further pursuit would be futile).  28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  The exhaustion requirement has therefore not been met.

Petitioner may pursue his available state court remedies and, if he is unsuccessful, he may then pursue federal habeas review of his claims.  Accordingly, this petition is dismissed without prejudice for failure to exhaust available state court remedies.  *See*

3

*Diguglielmo v. Senkowski*, 42 F. App'x. 492 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so.  Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted); *Nash v. Evans*, No. 9:10-CV-0361 (GLS), 2010 WL 1423196 at *1 (N.D.N.Y. Apr. 9, 2010) (dismissing habeas petition without prejudice where the claims were "presently awaiting appellate review[.]"); *Foster v. Spitzer*, No. 9:07-CV-0103 (LEK), 2007 WL 1531904 at 1-2 (N.D.N.Y. Mar. 5, 2007) (habeas petition dismissed where petitioner was in the "preliminary stages of the appellate process" and had not yet completed state appellate review of his claims); *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (stating that federal courts should not be turned into a "jurisdictional parking lot" for unexhausted claims) (quoting *Baity v. McCary*, No. 1:02-CV-1817, 2002 WL 31433293 at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted)); *Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) ("Carpenter's petition contains only unexhausted claims. Therefore, the Court has no basis to retain jurisdiction while Carpenter pursues exhaustion.").[1]

---

[1] The timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case because direct review of petitioner's claims in state court has not yet commenced or concluded, and the one-year statute of limitations during which to file a habeas petition would not appear to have begun to run.  28 U.S.C. § 2244(d)(1)(A)-(D); *Foster*, 2007 WL 1531904 at *2.  Finally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits.  *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition" as that term is understood in the habeas corpus context.")).

**IV.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies, and it is further

**ORDERED** that the court makes no determination regarding the merits of any of the claims raised in the petition; and it is further

**ORDERED** that no certificate of appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 23, 2013
       Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court